PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* JUAN RODRÍGUEZ, Defendant and Appellant.

No. 3782.  Argued June 5, 1929.—Decided July 16, 1929.

*F. M. Susoni Jr.* for the appellant.   *R. A. Gómez* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Juan Rodríguez did have some provocation for having killed Gregorio Albarrán. The latter struck the defendant while at a ball. The defendant went out, looked for a piece of wood, found it, came back and hit Gregorio Albarrán with it. Albarrán subsequently died. At a trial a jury found the defendant guilty of voluntary manslaughter, although the charge was murder and the facts might have justified a conviction for murder in the second degree.

On appeal our attention is drawn to the fact that the deceased might not have died if he had obtained due medical attention. In other words it is insisted that Albarrán would not have died if he had received due medical treatment. A doubt might arise if a blow like the one in this case would ordinarily have caused death. However, death was the natural consequence of the blow in this case. There was no intervening other cause. The failure to obtain adequate medical treatment is not such an intervening cause.

The jurisprudence is clear and has been for centuries that if a blow is given not necessarily fatal, yet the victim dies, the aggressor, the other necessary elements of crime concurring, may be held for homicide. Rew's case, J. Kelyng 26, English Reprint vol. 84 p. 1066, *People* v. *Lewis,* 124 Cal.

551, 13 R.C.L. 751, paragraph 57, and cases cited; note 22, L.R.A. (N. S.) 841 and other citations contained in the brief of the Government.

Therefore, the verdict of the jury was justified and the court committed no error in not allowing the defendant to enter into some matters of proof to show that the death could have been avoided by medical attention.

We do not find a sentence of five years excessive and the judgment should be affirmed.